Green and Hackfeld, assignees of Waterhouse, v. Janion, Green & Co.

## SUPREME COURT.

W. L. GREEN AND H. HACKFELD, ASSIGNEES OF J. T. WATER–
HOUSE, *vs.* R. C. JANION AND W. L. GREEN, CO-PARTNERS,
TRADING AS JANION, GREEN & CO.

THE right of stoppage *in transitu* is properly exercised only upon goods which are in passage and are in the hands of some intermediate person between the vender and vendee in process, and for the purpose of delivery.

The right to *retain* possession of goods, is controlled by the Law governing the right of *lien;* but the right to *regain* possession, when parted with, is controlled by the Law of stoppage *in transitu.*

Where a party had given his promissory notes in payment for the purchase of goods, and the goods thereupon set apart in the vender's warehouse in a place hired by the vendee, and allotted for the reception of his goods: Held, that an absolute transfer, both of the property and possession took place, putting an end forever to the vender's lien; and that the Plaintiffs as assignees of the purchaser were entitled to the goods.

Justice ROBERTSON delivered the judgment of the Court as follows:

This is a controversy submitted to the decision of the Court, without the formality of a trial, under the provisions of Section 1,140 of the Civil Code. The following is the statement of facts as agreed upon by the parties:

The said firm of Janion, Green & Co. are large importing merchants in Honolulu, and at different times sold to said J. T. Waterhouse thirty-eight cases printed cottons, being portions of different parcels of English goods imported by them.

Previous to the sale of said cases, said Waterhouse had made an arrangement with said Janion, Green & Co., by which a certain space in their fire-proof store was set apart for goods purchased by said Waterhouse, in return for which accommodation he allotted a certain space in the cellar under Makee & Anthon's building, which he had the control of, to Janion, Green & Co.

The above named thirty-eight cases of goods, when selected and bought by Mr. Waterhouse, were put on the said space allotted to his goods within Janion, Green & Co.'s store, (the key and custody of which store remained exclusively with

them.)    Mr. Waterhouse having inspected said cases and being satisfied therewith, signed promissory notes, to Janion, Green & Co. for the amount thereof, payable at the dates agreed upon.

Waterhouse gave no receipts to Janion, Green & Co. for said goods when shifted in their store to the space so set apart for his goods, until he came to take them away out of said store ; but then, and not till then, he gave receipts for the delivery of such cases as he took away.    The thirty-eight cases which form the subject matter of this reference still remain in the said store of Janion, Green & Co., on the space allotted to Mr. Waterhouse's goods, but no receipt has been given by him to Janion, Green & Co. therefor.

None of the promissory notes made by said Waterhouse to Janion, Green & Co. have been paid, although the major part are over due.

On the 8th day of May, 1861, Waterhouse executed a deed of assignment to said W. L. Green and H. Hackfeld, reciting his indebtedness in a large amount, which he declared himself unable to pay, in consideration whereof he thereby assigned all his estate, both real and personal, to said W. L. Green and H. Hackfeld, in trust, to sell the same for the liquidation of his liabilities to his several creditors, parties to the said assignment, and who thereby released him from the same, in consideration of such assignment ; the proceeds of said estate when sold to be distributed amongst his said creditors *pro rata*, after payment of costs and commissions.

A question has, consequently, arisen between the said Janion, Green & Co. and the assignees, whether or not the said Janion, Green & Co. are entitled to retain said thirty-eight cases, which are still in their store, under the circumstances above stated ; or whether the said thirty-eight cases, passed to the said assignees under the deed of assignment, for the solution of which said question this statement of facts is, by mutual consent of the parties, respectfully submitted to your Honors for adjudication, under Section 1,140 of the Civil Code.

It is understood that the assent of W. L. Green to the assignment is not to operate as a waiver of the alleged lien of Janion, Green & Co., inasmuch as their claim to such lien was stated

to and understood by the creditors, including Mr. Hackfeld, before the execution of said assignment, and the question of lien left open.

Upon the foregoing facts, the plaintiffs, as assignees, claim to be entitled to the possession of the goods in question, on the ground that, on the 8th of May, those goods were in the actual possession of Mr. Waterhouse, and so passed to the plaintiffs by the assignment. This claim is resisted on the part of the defendants upon two grounds, viz : First, that' the defendants had not parted with the actual possession of the goods at the time of the assignment, and the promissory notes given by Mr. Waterhouse for the price of the goods being then and now overdue and not paid, the defendants have a right to retain the possession of the goods until the price is paid or tendered ; secondly, that if the defendants had parted with the actual possession of the goods, they cannot, under the circumstances, be regarded as having come to the actual possession of Mr. Waterhouse, or as having reached their final destination, but are still subject to the exercise of the right of stoppage *in transitu* on the part of Janion, Green & Co., the purchaser having become insolvent. It is understood, in the decision of this controversy, that the rights of Janion, Green & Co., whatever they may be, are not to be affected by the assignment made by Mr. Waterhouse for the benefit of his creditors, but that the difference is to be regarded and settled as if the same had arisen with Mr. Waterhouse himself, and not with his assignees.

In our opinion the decision of this case is not to be controlled by the law of stoppage *in transitu*, but by the law governing the right of lien. The right of stoppage *in transitu* is properly exercised only upon goods which are in passage, and are in the hands of some intermediate person between the vender and the vendee, in process and for the purpose of delivery. (Story on Sales, Section 319 ; Parsons on Contracts, vol. 1, p. 476 ; Long on Sales, pp. 177, 178 ; Smith's Mer. Law, pp. 645, 646, 647 and note ; Parson's Mer. Law, p. 60.)

In order to the applicability of the law of stoppage *in transitu*, it is necessary that the goods shall have left the possession of the vender, and not yet have arrived at their final destination,

or reached the possession of the vendee, but are in an intermediate position, where, in case of the vendee's insolvency, the vendor may stop the goods in their passage, and re-assume the possession of them.  We are aware that in some adjudged cases, as reported, the right of stoppage *in transitu* seems to have been stated in broader terms; but, upon examination, we are inclined to attribute this to the inaccurate use of language, and a want of attention to the clear distinction which exists between the right to *retain* the possession, and the right to *regain* the possession of the goods.

In the inquiry as to whether or not the goods have reached the place to which, by the understanding between the parties, they were to be carried, the unknown or ulterior destination to be given to the goods at some future time, according to circumstances, does not form a matter for consideration, but only the place contemplated as the stopping place of the goods, for the present, and as far as regards the original contract of sale. (Story on Sales, Section 335.)  Upon the facts of this case, as agreed to and stated by the parties, we must hold that on the 8th day of May, when the assignment was made by Mr. Waterhouse to the plaintiffs, the goods in question, having been placed, by mutual consent of the vender and vendee, upon that part of Janion & Green's store leased to Mr. Waterhouse, had reached their final destination so far as regards the contract of sale, and therefore the right of stoppage *in transitu* did not exist at that date.  But we go farther, and say that the right of stoppage *in transitu* never existed in this case ; and if Janion, Green & Co., at any time subsequent to the completion of the sale, ever had, or now have, any claim to control the goods, such claim results entirely from the right to enforce their lien for the price, as venders, by retaining the possession of the goods.  From the time that the goods were placed in that part of the store rented by Mr. Waterhouse, they were either in his possession or in that of the venders, for they never were the subject of any intermediate possession.

The claim of the plaintiffs to have the goods now, depends upon the question whether or not the venders had voluntarily, and without fraud, parted with the possession to Mr. Waterhouse.  Upon this point, as upon the former, we are clearly of

opinion that the plaintiffs must prevail. The part of Janion & Green's store which was rented by Mr. Waterhouse, must be regarded, so far as this controversy is concerned, as his storehouse, just the same as if it had been a separate building and situated upon his own land, or on that of some third party. This cannot be doubted for a moment, especially in view of the fact, which was admitted by the defense during the argument, that Mr. Waterhouse, by the terms of his agreement, was at liberty to use that place not only for the storage of goods purchased from Janion, Green & Co., but also of goods purchased from other parties.

When Mr. Waterhouse agreed to purchase the goods in question, and, upon inspection, expressed himself satisfied therewith, and gave his promissory notes for the payment of the price, the contract of sale was complete, passing the property in the goods to him ; and, when placed in the part of the store allotted to the reception of his goods, these goods must be regarded as having been delivered into his warehouse, and the transaction amounted in law to an absolute transfer, both of the property and the possession, putting an end forever to the vender's lien.

The fact that Mr. Waterhouse appears to have been in the habit of giving warehouse receipts for goods purchased from Janion, Green & Co., upon the removal of such goods from the warehouse, cannot, in our opinion, affect the rights of the venders and vendee in this case. The giving of such receipts had nothing to do with the contract of sale, or with the storing of goods for the vendee's use in the place contemplated by the parties, all of which was complete without the formality of receipts. There is no rule of law of which we are aware, nor is any usage of trade shown to exist, which makes it requisite to give receipts under like circumstances with the present ; and in the absence of an express understanding between the parties, that the goods were not to be regarded as delivered to Waterhouse, until he gave such receipts, we can only infer that they were given as a mere matter of convenience connected with the warehouse, and were not demandable as of right. To infer more than this, upon the facts as they appear, would be to assume that even after he had received the goods and paid for

them, Mr. Waterhouse was not at liberty to remove them from one of his storehouses to another, without giving a receipt; when, on the contrary, it must be admitted that upon the acceptance of the promissory notes by the venders, Mr. Waterhouse had an immediate right to remove the goods, even from their storehouse, without tendering receipts.

Such being our view of the case, the rights of the parties are not affected by the vendee's insolvency, or by his failure to pay the promissory notes at maturity.

Our decision is, that the plaintiffs, as the assignees of the purchaser, are entitled to the possession of the goods.

C. C. Harris, Esq., for Plaintiffs.

Jno. Montgomery, Esq., for Defendants.